Pulla-Inga v. Bondi

BIA
London, IJ
A216 780 335/254

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand twenty-five.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> JON O. NEWMAN,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

NUBE ALEXANDRA PULLA-INGA, E. J. CHABLA-PULLA,
>  *Petitioners,*

> v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.**

24-65
NAC

_____

\* The Clerk of the Court is respectfully directed to amend the caption as set forth above.

_____

**FOR PETITIONERS:**          Usman B. Ahmad, Esq., Long Island City, NY.

**FOR RESPONDENT:**          Brian Boynton, Principal Deputy Assistant
                             Attorney General; Cindy S. Ferrier, Assistant
                             Director; Sarai M. Aldana, Trial Attorney,
                             Office of Immigration Litigation, United
                             States Department of Justice, Washington,
                             DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Nube Alexandra Pulla-Inga and her son, natives and citizens of Ecuador, seek review of a December 7, 2023, decision of the BIA affirming a September 8, 2022, decision of an Immigration Judge ("IJ") denying asylum and withholding of removal.[1]  *In re Nube Alexandra Pulla-Inga*, Nos. A 216 780 335/254 (B.I.A. Dec. 7, 2023), *aff'g* Nos. A 216 780 335/254 (Immigr. Ct. N.Y.C. Sept. 8, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] We do not address relief under the Convention Against Torture because Pulla-Inga has not addressed that form of relief in her brief.  *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("consider[ing] abandoned any claims not adequately presented in an appellant's brief" (quotation marks omitted)).

2

We have reviewed the IJ's decision as modified by the BIA and thus do not consider Pulla-Inga's arguments that her proposed social groups are cognizable because the BIA did not rely on that ground in affirming the IJ's decision. *See Alvarez v. Garland*, 33 F.4th 626, 637–38 (2d Cir. 2022). We review factual findings for substantial evidence and questions of law and application of law to fact *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"The burden of proof is on the applicant [for asylum and withholding of removal to] establish that . . . race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." *Id.* § 1158(b)(1)(B)(i); *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal). An applicant must prove "a sufficiently strong nexus" between the suffered harm and a protected ground. *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). "Whether the requisite nexus exists depends on the views and motives of the persecutor." *Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) (quotation marks omitted).

Pulla-Inga has abandoned her social group claims by not addressing whether the agency erred in finding that she failed to establish a nexus between the social groups and the harm suffered. *See Debique*, 58 F.4th at 684. And an applicant has the burden to demonstrate both that the groups are cognizable and that there is a nexus between the groups and the harm suffered or feared. *See Paloka*, 762 F.3d at 195. Even if we were to reach the nexus determination, we would find no error. Pulla-Inga points out that her son was targeted by gang members at soccer practice when other players were not, but she testified that he was targeted because the gang wanted him to sell drugs, which does not establish that he was targeted because of his membership in a particular social group. *See id.* ("To succeed on a particular social group claim, the applicant must establish that . . . the alleged persecutors targeted the applicant 'on account of' [his] membership in that group."); *see also Garcia-Aranda v. Garland*, 53 F.4th 752, 758 (2d Cir. 2022) (finding persecution was not on account of family-based social group when applicant's family was targeted by a gang for monetary gain).

The agency also did not err in finding that Pulla-Inga failed to establish a fear of harm based on a political opinion. Pulla-Inga testified that her son was asked to sell drugs, he refused because he did not want to be involved in the drug

4

trade, and he was then assaulted and threatened for his refusal to participate. "[O]pposition to criminal elements such as gangs, even when such opposition incurs the enmity of these elements, does not thereby become *political* opposition simply by virtue of the gang's reaction." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 201 (2d Cir. 2021). Put another way, "disapproving of things that have a negative impact on one's life or even one's country does not necessarily amount to a *political* opinion." *Id.* Because the nexus findings are dispositive of asylum and withholding of removal, we do not reach the agency's alternative conclusion that Pulla-Inga failed to establish that the authorities were unable or unwilling to protect her and her son from gang members. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5